IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MATTHEW A. LAWRIE,

        Plaintiff,

v.

SAN DIEGO COUNTY SUPERIOR COURT
JUDGE RICHARD G. CLINE, et al.,

        Defendants.

No. C 11-1235 SBA (PR)

**ORDER OF TRANSFER**

    Plaintiff Matthew A. Lawrie, a <u>pro se</u> state prisoner, filed this civil rights complaint under 42 U.S.C. 1983 against San Diego County Superior Court Judge Richard G. Cline and Governor Jerry Brown. In a separate Order, Plaintiff has been granted leave to proceed <u>in forma pauperis</u>. (May 10, 2011 Order at 1.) In his complaint, Plaintiff states:

> Richard G. Cline the Judge at Superior Court of California in San Diego California (NORTH) denied me my Constitutional right to my monies that were to be paid from my late father[']s will and trust. Richard G. Cline (Judge) deprived me of Due Process, deprived me of my property (money)[,] denied me of my equal protection of the laws by giving away the money that was leftover after debts were paid according to the hearing in his court on July 7, 2006. Richard G. Cline deprived me of $15,285.74 which is the balance after the accounting was done by the prosecution[']s main witness of a criminal trial who also paid my attorney fees AFTER CONVICTION!!!

(Compl. at 3.) As relief, Plaintiff specifically requests the Court to:

> . . . [a]ppoint an attorney for me to investigate the involvement of Mr. Richard G. Cline and his involvement in SCN16040. SCN16040 is the criminal preceedings [sic] that rendered me a 50 to life conviction. Furthermore I ask for damages in the Sum of $100,000,000.00 or current value of Lawrie & Co. Inc.

(<u>Id.</u> at 4.)

**DISCUSSION**

**I.**    **Standard of Review**

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that

are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II. Legal Claims

### A. Defendant Brown

Plaintiff names Defendant Brown in the caption of his complaint; however, he fails to link this defendant to his claims in the body of the complaint. Plaintiff does not allege that Defendant Brown personally participated in any violations of his federal or state constitutional rights. The Court construes Plaintiff's claim to be that Defendant Brown may be held liable as the ultimate supervisor of the allegedly responsible individual -- Defendant Cline. However, there is no respondeat superior liability, however, under § 1983. That is, there is no liability under § 1983 solely because one is responsible for the actions or omissions of another. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id. Individuals are not proper defendants under Title II of the ADA or § 504 of the Rehabilitation Act. See Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999). Finally, government officials are not liable under state law "for an injury caused by the act or omission of another person." Cal. Gov't Code § 820.8.

To the extent Defendant Brown is being sued in his official capacity, Plaintiff's claim against the governor is equivalent to a claim against the State of California. Claims for damages against States are barred by the Eleventh Amendment. See Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985) (holding that States and State agencies are immune from suit in federal court under the Eleventh Amendment of the United States Constitution). Although the Eleventh Amendment does not bar claims for prospective injunctive relief against State officials named in their official

2

capacities, see Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985); Ex parte Young, 209 U.S. 123, 159-60 (1908), Plaintiff does not allege that the State violated any of his rights and he does not seek injunctive relief against the State.

Accordingly, Plaintiff's complaint fails to state a cognizable claim against Defendant Brown in either his individual or official capacity.

### B. Defendant Cline

In his remaining claim against Defendant Cline, who is a judge in the San Diego County Superior Court, Plaintiff seems to indicate this Defendant violated his constitutional rights during the aforementioned July 7, 2006 hearing and, possibly, also during the course of his prosecution in that court.

Venue may be raised by the court sua sponte where the defendant has not filed a responsive pleading and the time for doing so has not run. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. See 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." See 28 U.S.C. § 1406(a).

Plaintiff's claims arise out of actions alleged to have taken place in San Diego County, and involve Defendant Cline, who is most likely a defendant residing in that county. San Diego County is located in the Southern District of California. See 28 U.S.C. § 84(d). Accordingly, in the interest of justice, this action is hereby TRANSFERRED to the United States District Court for the Southern District of California.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's complaint fails to state a cognizable claim against Defendant Brown in either his individual or official capacity. Because Plaintiff's case is being transferred to the United

3

1  States District Court for the Southern District of California, this Court chooses not to grant Plaintiff
2  leave to amend his claim against Defendant Brown at this juncture.  Instead, the Court will leave
3  such a decision to the Southern District after this case has been transferred.
4      2.     This action is TRANSFERRED to the United States District Court for the Southern
5  District of California.  The Clerk of the Court shall transfer the case forthwith, and all pending

1  motions (docket nos. 12, 13, 14, 15, 16) are TERMINATED on this Court's docket as no longer
2  pending in this district.
3       IT IS SO ORDERED.
4  DATED: 11/3/11
5                                         SAUNDRA BROWN ARMSTRONG
                                       United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ALAN LAWRIE, | Case Number: CV11-01235 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| RICHARD G CLINE et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 4, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Matthew A. Lawrie F74464
Corcoran State Prison
P.O. Box 5246
Corcoran, CA 93212

Dated: November 4, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk